No. 73–1477. PRICE *v.* VIRGINIA. Sup. Ct. Va. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Miller* v. *California,* 413 U. S. 15, 42–47 (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (DOUGLAS, J., dissenting), would grant certiorari in this case and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner, the manager of a movie theater, was convicted in the Corporation Court of the city of Danville, Va., of exhibiting an allegedly obscene motion picture entitled "Anomalies." The statute under which he was convicted, Va. Code Ann. § 18.1–230 (Supp. 1973), provides in pertinent part:

> "Every person who knowingly ... [p]roduces, promotes, prepares, presents, manages, directs, carries on or participates in, any obscene exhibitions or performances, including the exhibition or performance of any obscene motion picture . . . shall be guilty of a misdemeanor."

As used in that section:

> "The word 'obscene' . . . shall mean that which considered as a whole has as its dominant theme or purpose an appeal to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and if it goes substantially beyond customary limits of candor in description or representation of such matters." § 18.1–227 (1960).

The Virginia Supreme Court affirmed the conviction. This Court granted certiorari, vacated the judgment, and remanded the case to the Virginia Supreme Court for further consideration in light of *Miller* v. *California*, 413 U. S. 15 (1973), and companion cases. 413 U. S. 912. On remand, the Virginia Supreme Court again affirmed the conviction.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 18.1–230, as it incorporates the definition of "obscene" in § 18.1–227, is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, and because the judgment of the Virginia Supreme Court was rendered after *Miller,* I would reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

*Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BREN-
NAN, J., dissenting).

Finally, it does not appear from the petition and re-
sponse that the obscenity of the disputed material was
adjudged by applying local community standards.
Based on my dissent in *Hamling* v. *United States,* 418
U. S. 87, 141 (1974), I believe that, consistent with the
Due Process Clause, petitioner must be given an oppor-
tunity to have his case decided on, and to introduce evi-
dence relevant to, the legal standard upon which his con-
viction has ultimately come to depend. Thus, even on its
own terms, the Court should vacate the judgment below
and remand for a determination whether petitioner should
be afforded a new trial under local community standards.